**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RASHIED GOODWIN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-1040 (FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> RASHIED GOODWIN, Plaintiff <u>pro se</u>
> # 233577C/745991
> Southern State Correctional Facility
> 4295 Route 47
> Delmont, New Jersey 08314

**WOLFSON**, District Judge

Plaintiff, Rashied Goodwin, a state inmate presently confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be proceed in part.

I.   BACKGROUND

Plaintiff, Rashied Goodwin, brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the State of New Jersey; the Somerset County Prosecutor's Office; Detective Edward Conway; Detective C. Lissner; and Detective Syrdoski.  (Complaint, Amended Complaint, Caption and ¶¶ 4b, 4c).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff alleges that he was falsely arrested and imprisoned on fabricated allegations by Detectives Conway and Lissner of the Somerset County Prosecutor's Office.  In particular, Plaintiff alleges that Conway reported that Plaintiff had sold him a quantity of "CDS" on September 27, 2009 and another day in October 2009.  Detective Syrdoski generated a police report that allegedly confirmed these false allegations. (Compl., ¶¶ 4d, 6).

Plaintiff's attorney confirmed that Plaintiff had been in police custody on the dates in question and prepared a Notice of Alibi to dismiss the criminal charges.  On July 2, 2010, the Honorable Paul Armstrong, J.S.C., dismissed the case and

Plaintiff was released from custody after having been detained pretrial for six months. (Compl., ¶¶ 5, 6). Plaintiff seeks $150,000.00 in compensatory damages. (Compl. and Amended Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

3

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule

4

8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 556 U.S. at 678-79 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

5

>       conclusions, are not entitled to the assumption of truth.
>       While legal conclusions can provide the framework of a
>       complaint, they must be supported by factual allegations.
>       When there are well-pleaded factual allegations, a court
>       should assume their veracity and then determine whether they
>       plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 678-79; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id</u>.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, [556 U.S. at 678-79]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

A.   Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment

protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

Consequently, the State of New Jersey is immune from suit in this action, and the Complaint will be dismissed with prejudice as against the State of New Jersey accordingly.

B.  <u>Prosecutorial Immunity</u>

Plaintiff alleges that the Somerset County Prosecutor's Office brought false charges against him in violation of his constitutional rights.  A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).  The Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case," <u>id</u>. at 430–31, including use of misleading or false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer.  Since <u>Imbler</u>, the Supreme Court has held that "absolute immunity

9

applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application[,but] absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009)(citations omitted).

Thus, because a prosecutor is absolutely immune from damages under § 1983 for presenting or withholding evidence in the furtherance of judicial proceedings, Plaintiff's damage claim against the Somerset County Prosecutor for pursuing false charges will be dismissed for failure to state a claim.[3]

C. False Arrest and Imprisonment Claim

Plaintiff alleges that he was falsely arrested and imprisoned based on lies by Detective Conway and Detective

---

[3] To the extent that Plaintiff seeks damages from supervisory prosecutors for failing to adequately supervise, the claim fails. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. In Iqbal, the Supreme Court rejected the proposition that a supervisory defendant can be liable for "knowledge and acquiescence in their subordinates' [misconduct.]" Id. Moreover, in Van de Kamp, the Supreme Court held that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and failing to create any system for accessing information pertaining to the benefits provided to jailhouse informants. See Van de Kamp, 555 U.S. at 344-45.

Lissner. This Court construes these allegations as a claim of false arrest without probable cause in violation of the Fourth Amendment actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(§ 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege that: (1) there was an arrest; and (2) the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp.2d 743, 755 (D.N.J. 1999)(citing Groman). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Adams v. Officer Eric Selhorst, 2011 WL 5068087, at * 2 (3d Cir. October 26, 2011)(citing Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)).

A claim of false arrest (and the accompanying claim for false imprisonment) accrues immediately upon the arrest at issue,

11

and the period of limitations begins to run as soon as the false imprisonment ends, i.e., when the arrestee becomes held pursuant to legal process.[4]  Wallace v. Kato, 549 U.S. 384 (2007).  See also Singleton v. DA Philadelphia, 411 Fed. Appx. 470, 472 (3d Cir. 2011)(ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); Alexander v. Fletcher, 367 Fed. Appx. 289, 290-91 (3d Cir. 2010)(affirming the district court's conclusion that a § 1983 false arrest claim began to accrue on the date of arrest); Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998)(a claim for false arrest, "covers [ ] only [ ] the time of detention until the issuance of process or arraignment, and not more," citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)).  "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Wallace, 549 U.S. at 389-90 (citations and footnote omitted).

The Supreme Court considered and rejected the argument that a Heck-like deferred-accrual rule must delay the accrual of false arrest claims.

> This would end the matter, were it not for the [prisoner's] contention that Heck v. Humphrey ... compels the conclusion

---

[4]  Hence, the injury of false arrest/false imprisonment can be based solely on the events/restraint that takes place from the moment of arrest and until the moment of arrestee being held pursuant to legal process, e.g., arraignment.

12

> that his [false arrest] suit could not accrue until the State dropped its charges against him.  [T]he Heck rule for deferred accrual is called into play only when there exists "a conviction or sentence that has not been ... invalidated," that is to say, an "outstanding criminal judgment."  It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn....  What [prisoner] seeks, in other words, is the adoption of a principle that goes well beyond Heck; that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside.  The impracticality of such a rule should be obvious.  In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, ...-all this at a time when it can hardly be known what evidence the prosecution has in its possession.  And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal?  Does that event (instead of the Heck-required setting aside of the extant conviction) trigger accrual of the cause of action?  Or what if prosecution never occurs-what will the trigger be then?  We are not disposed to embrace this bizarre extension of Heck.  If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended....  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal [without prejudice to filing an action for wrongful conviction if that conviction is eventually overturned]; otherwise, the civil action will proceed, absent some other bar to suit ....  There is, however, one complication that we must address here.  It arises from the fact that § 1983 actions ... sometimes accrue before the setting aside of-indeed, even before the existence of-the related criminal conviction.  That of course is the case here, and it raises the question whether, assuming that the Heck bar takes effect when the later conviction is obtained, the statute of limitations on the once valid cause of action is tolled as long as the Heck bar subsists....  We have generally referred to state law for tolling rules ....  [We are not] inclined to adopt a federal tolling rule to this effect.

13

Id. at 391-94 (citations omitted).

Elaborating on the gist of Wallace, the Court of Appeals observed,

> In Wallace, the Court refused to extend Heck [-based deferred accrual] to a § 1983 claim for false arrest in which there was no outstanding conviction at the time of the accrual.... See Wallace, 549 U.S. at 393. The Court ... clarified that the Heck [prematurity] bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an existing criminal conviction.

Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010).

Therefore, in this case, Heck's deferred accrual rule does not apply, and Plaintiff's Fourth Amendment false arrest/imprisonment claim accrued, at the latest, when he appeared before a Magistrate Judge and was bound over for trial or arraigned on charges. See Wallace, 549 U.S. at 389-392. See also Singleton, 411 Fed. Appx. at 472 (false arrest claim accrued on the date plaintiff was arrested and charges were filed); Alexander, 367 Fed. Appx. at 290-91. Plaintiff's imprisonment does not toll the running of the statute of limitations. See Hughes v. Smith, 264 F. Supp. 767, 769 (D.N.J. 1967), aff'd, 389 F.2d 42 (3d Cir. 1968). Thus, the July 2, 2010 date when Plaintiff's charges were dismissed does not start the running of his statute of limitations in this case.

The Complaint does not provide the date of Plaintiff's arrest or when he was arraigned on charges. However, it is presumed to have occurred before July 2, 2010, but after October 2009. Consequently, there appears to be an issue as to the

14

timeliness of Plaintiff's false arrest claim, and such claim may be barred by the applicable statute of limitations.[5] Nevertheless, as the statute of limitations is an affirmative defense, the pertinent accrual dates are not known at this juncture, and Plaintiff has otherwise pled facts of a false arrest claim that may be sufficient to avoid summary dismissal at this preliminary screening stage, this Court will allow this claim to proceed at this time.

D.  Malicious Prosecution Claim

To the extent that Plaintiff seeks to assert an unconstitutional malicious prosecution claim, this claim will also be dismissed with respect to the Somerset County Prosecutor. As stated above, a prosecutor is absolutely immune for actions performed in the role of advocate. See Imbler, 424 U.S. at 431.

However, Plaintiff's claim of malicious prosecution against the detectives is not subject to absolute immunity.  A claim of malicious prosecution against an officer for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents."  Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998).  "To prove malicious prosecution under § 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2)

---

[5] New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983.  Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

15

the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)(footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006).

Here, Plaintiff alleges that detective/officers in the prosecutor's office initiated a criminal proceeding against Plaintiff, knowing that the charges against him were false. Plaintiff further alleges that he was incarcerated for six months pending trial before the charges were dismissed. Finally, the allegations of the Complaint show that the prosecution terminated in his favor, namely, that the Judge dismissed the charges against Plaintiff when an alibi defense was confirmed by police records showing that Plaintiff was in custody on the dates of the charged offenses. Under these circumstances, as alleged, if true, Plaintiff's malicious prosecution claim against the nonimmune detective defendants will be allowed to proceed at this time.

E.  Appointment of Counsel

On or about March 26, 2012, Plaintiff filed an application for appointment of counsel in this matter. (Docket entry no. 4). Indigent persons raising civil rights claims have no absolute

constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>   (1) the plaintiff's ability to present his or her own case;
>   (2) the complexity of the legal issues;
>   (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>   (4) the amount a case is likely to turn on credibility determinations;
>   (5) whether the case will require the testimony of expert witnesses;
>   (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).] This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
>   Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

Parham, 126 F.3d at 457-58.

Applying these factors to this case, the Court is not inclined to allow appointment of counsel at this time. Plaintiff's claims in his Complaint do not involve complex issues of law or fact, and it is unlikely that there will be a need for extensive investigation and discovery for plaintiff to prepare and present his case for trial. Plaintiff also appears to be

17

articulate and demonstrates an understanding of the legal issues and ability to prepare documents and present his case coherently. Finally, expert testimony is not essential to plaintiff's ability to present his case, and it is not apparent at this time that the case will necessarily rest on credibility determinations that would necessitate appointment of counsel. Thus, the only factor weighing in favor of appointment of counsel is plaintiff's indigency. Given the balance of factors against appointment of counsel at this time, the Court will deny plaintiff's application for appointment of counsel without prejudice to him renewing such application at a later time if the circumstance in this case so warrant.

V.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint will be dismissed with prejudice, in its entirety, as to defendants, the State of New Jersey and the Somerset County Prosecutor's Office, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),(iii) and 1915A(b)(1) and(2). The Complaint will be allowed to proceed as to the remaining defendants, Detective Edward Conway, Detective C. Lissner, and Detective Syrdoski, at this time. Finally, Plaintiff's application for appointment of counsel will be denied without prejudice. An appropriate order follows.

   s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: 8/13/2012